# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MOHAMED A.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-75**    (Fam. Ct. Kanawha Cnty. No. 15-D-1431)

**MARWA A.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Mohamed A.[1] appeals three orders from the Family Court of Kanawha County—the Order Denying Motion to Return Case to Judge VanMeter, entered January 2, 2024, the Order Rendering Remand by Intermediate Court of Appeals Moot, entered January 24, 2024, and the Order on Remand, which was also entered on January 24, 2024. Respondent Marwa A. responded in support of the family court's decisions.[2] Mohamed A. filed a timely reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, Mohamed A. ("Father") and Marwa A. ("Mother") are the parents of two minor children, born in 2011 and 2014. The parties were divorced by order entered on February 21, 2017. Per the divorce order, Mother was granted a majority of parenting time. However, after a series of contempt petitions alleging parental alienation were filed by Father against Mother, the family court transferred custody of the children to

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mohamed A. is represented by Timothy A. Bradford, Esq. Marwa A. is represented by James M. Pierson, Esq.

1

Father on October 12, 2022, and ruled that Mother would have no visitation for six months.[3] Father now resides in Virginia and the children have had no contact with Mother since Father obtained custody in October of 2022.

On April 28, 2023, Mother filed a motion to reconsider the family court's October 12, 2022, order transferring custody to Father. The family court denied Mother's motion to reconsider by order entered on August 1, 2023. Mother also filed a petition for the modification of custody on June 1, 2023, seeking to reestablish visitation. The family court entered its order denying Mother's petition for modification on August 2, 2023.

On August 9, 2023, Mother filed a motion to disqualify the family court judge due to a conflict of interest between the family court judge and Mother's attorney. Mother's motion to disqualify was granted by an administrative order entered on August 21, 2023. Following that transfer to a new family court judge, Mother's counsel was suspended from the practice of law for ninety days and Mother temporarily had a new attorney.

On December 15, 2023, the family court held the remand hearing on the parties' prior appeal. At that hearing, Father moved to have the case transferred back to the original family court judge because the conflict of interest no longer existed. Mother argued that her attorney planned to resume representation immediately upon being reinstated to practice law. Also, at the hearing, Father testified that one of the children had recently been diagnosed with autism. Mother expressed that she was just made aware of the diagnosis during the hearing. Mother further testified that she did not intend to interfere with the children's records, and she would support them by adhering to their medical professional's recommendations. The family court found that neither Father nor his counsel could articulate any reason as to why it would not be in the best interest of the children for Mother to have access to their educational and medical records. The family court entered the following three orders from the December 15, 2023, hearing.

1. The first was an Order Denying Motion to Return Case to Judge VanMeter, entered on January 2, 2024.

2. The second was an Order on Remand December 15, 2023, which was entered on January 24, 2024, wherein the family court held that Mother shall have full access to the children's records through her attorney only and should not receive her own copies. The court further granted Mother FaceTime calls on Wednesdays and Saturdays, to be conducted primarily in English. Father was ordered to record the FaceTime calls, forward them to his counsel, but not to listen in on the calls.

---

[3] This case was previously appealed in 23-ICA-93 and remanded regarding the family court's decision not to allow Mother access to the children's psychiatric records once sole custody was transferred to Father.

3. The third was an Order Rendering Remand by Intermediate Court of Appeals Moot, entered on January 24, 2024. Here, the family court ruled that the ICA's remand decision was moot because the family court granted Mother access to the children's records by separate order.

It is from the above three orders that Father now appeals. We apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises four assignments of error. First, Father asserts that the family court erred by rendering the remand order moot and failing to include sufficient findings of fact. We disagree. The family court stated in its January 24, 2024, order rendering the remand moot that it had already addressed the issue of Mother's access to the children's psychological records in a separate order, where it found that Father had not provided any reasoning as to why Mother should be denied the right to view the children's records. The family court granted Mother limited access to view the records through her attorney and provided sufficient findings of fact in the January 24, 2024, "Order on Remand December 15, 2023" for doing so. It was unnecessary for the family court to address Mother's access to the children's psychological records a second time. Accordingly, we cannot conclude that the family court's decision was erroneous or an abuse of discretion. *See In re Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently).

Second, Father contends that the family court erred by refusing to transfer the case back to the original family court judge once the conflict of interest was resolved. Without addressing the merits of this argument, we note that it is interlocutory pursuant to West Virginia Trial Court Rule 17.05, which states "[a]ll rulings and orders relating to the recusal or disqualification of a judge shall be considered interlocutory in nature and not subject to direct or immediate appeal." Therefore, the family court's decision not to transfer the case back to the original family court judge was not erroneous.

3

Father's third and fourth assignments of error are interrelated; accordingly, we consolidate these arguments as appropriate.[4] Here, Father argues that the family court erred by allowing Mother to have access to the children's psychiatric records and by *sua sponte* ordering video contact between the children and Mother. We disagree. Our Supreme Court of Appeals has held:

> Questions relating to . . . custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused. Further, in . . . custody matters, we have traditionally held paramount the best interests of the child.

*Andrea H. v. Jason R.C.*, 231 W. Va. 313, 317, 745 S.E.2d 204, 208 (2013) (quotations and citations omitted). Upon our review of the record, we conclude that the family court, in granting Mother limited access to the children, included sufficient safeguards to be strictly followed by Mother. Regarding the children's medical records, Mother is merely permitted to view the records in her attorney's office and is not permitted to make her own copies. Regarding Mother's FaceTime calls with the children, the family court permitted two calls per week and ordered that the calls take place primarily in English, be recorded by Father, and that the recordings be sent to Father's attorney. With such safeguards in place, we conclude that the family court did not abuse its discretion. Therefore, we decline to disturb this ruling on appeal.

Accordingly, we affirm.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[4] *See Bowden v. Monroe Cnty. Comm'n*, 232 W. Va. 47, 51, 750 S.E.2d 263, 267 (2013) (per curiam) (consolidating assignments of error).

4